**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF NEW YORK**

| | |
|---|---|
| **UNITED STATES OF AMERICA,** | ) Docket No.: 08 CR 204-1 |
| | ) |
| **vs.** | ) MEMORANDUM IN |
| | ) SUPPORT OF |
| **STANLEY MARTINEZ,** | ) SENTENCING |
| | ) |
| | ) |

    **STANLEY MARTINEZ** appears before this Court having pled guilty to the

crime of POSSESSION OF A FIREARM, in violation of Title 18, United States Code, Section

922 (g)(1). That plea was taken upon a felony information following the defendant' waiver of his

right to be prosecuted via an indictment. The defendant in essence accepted responsibility for his

actions in as expeditious a manner as possible. The PSI filed by the Department of Probation

suggest's a Guidelines Range (70 to 87 months). Those numbers appear to be correct in the

abstract , however, it is respectfully requested that the Court *sua sponte* consider a sentence

outside of the Guidelines Range based upon the factors to be considered in imposing a sentence

pursuant to Title 18, United States Code, Section 3553(a).

    Since, **U.S. v. Booker**, 125 S.Ct. 738, 543 U.S. 220, 160 L.Ed.2d 621, Courts are

required to "exercise[ ] [their] discretion by considering the relevant § 3553(a) ] factors," in

setting the sentence they impose regardless whether it varies from the sentence calculated under

the Guidelines. **U.S. v. Gunter**, 2006 WL 2589149, (3rd Cir.(Pa.) Sep 11, 2006) . 18 U.S.C. §

3553 (a)(1) requires courts to "consider the history and circumstances of the defendant and §

3661 provides that "no limitation shall be placed on the information concerning the background,

character, and conduct of the defendant which a court may receive and consider for the purpose

of imposing an appropriate sentence". It has been said that the guidelines "often produce harsh results that are patently unfair because they fail to take account of individual circumstances...."); U.S. v. Molina, 963 F.Supp. 213, *215 (E.D.N.Y.,1997)(commenting on "[t]he all-too-familiar harshness required by rigid federal Guidelines...and the depredations they wreak upon individual defendants and their families." It is the defense contention here that numerous factors have led to an erroneous , unfair and unduly harsh evaluation of this defendant.

Stanley's personal history is adequately put forward in the presentence report prepared by the U.S. Department of Probation . However, the ultimate conclusions reached by the U.S. Department of Probation as to sentencing come as a result of employing cold, hard, rigid factors which, under the Guidelines necessarily led to an overly harsh assessment of Stanley Martinez.

There are numerous aspects of Stanley Martinez's life which, although noted in the report prepared by the Probation Department are not accounted for in the guidelines calculations because there is no provision to do so. The guidelines do not take account of the defendant's mother's addiction, abuse and abandonment of him. His own substance abuse which began at the age of 16 and which resulted in a number of drug related arrests, all of which spanned a relatively short period of time which led to his criminal history category of V. . Nor does the overall guideline calculation take into account the nature of the defendant himself. (Although the defendant's mental and emotional health are discussed in paragraphs 63 thru 65 of the Presentence Investigation Report). In short, following the prescribed guidelines method a monster has been created where what, in reality exists is merely a man who suffers from a nightmare of parental neglect and a long standing addiction to drugs. It is sad to think that a lengthy jail sentence, designed to punish, rather then attempt to rehabilitate with appropriate mental health

and drug treatment, is a suggested outcome for this  man. Although it need not be. There is much

precedent for the exercise of sound judicial discretion in cases such as this one.

In U.S. v. Mateo , 299 F.Supp.2d 201 (S.D.N.Y. 2004) a heroin case  the Court granted a 9 level

departure based upon   the combination of Mateo's extraordinary family and pre-sentence

confinement circumstances even though ,  the Court could  have concluded that the factors did not

individually  support  a  departure;  In  U.S.  v.  Allen,  250  F.Supp.2d  317  ((SDNY  2003)the

defendant  convicted of drugs and guns, was deemed  entitled to an 8 level departure under USSG

5K2.0 from 80 months to 30 months because of the combination of his mental immaturity-even

though  21  behaves  like  14  year  old  and  because  of  his  psychological  problems  and  mild

retardation)

**The Defendant's Criminal History Over represents the seriousness of his past criminal**

**conduct.**

There  can  be  little  argument  that  the  use  of  the  defendant's  prior  record  as    an

enhancement employed in  determining his criminal history category is not  per se impermissible.

However, that does not mean that the Court must accept that criminal history category as an

appropriate  measure  of  the  defendant's  need  for  punishment.    Indeed. there  is  much  case

precedent  for  the  proposition  that  the  Court's  may  and  in  fact  should,  look  beyond  criminal

history  category  calculations  where,  as  here,  **the  Defendant's  Criminal  History  Over**

**represents  the  seriousness  of  his  past  criminal  conduct.**    The  following  cases  are  some

examples;

U.S.  v.  Cuevas-Gomez,  61  F.3d  749  (9th  Cir.  1995)  (district  court  may  depart

downward in illegal reentry case where D received 16- level upward adjustment in offense level –

if court believes criminal history overstated); U.S. v. Reyes, 8 F.3d 1379 (9th Cir. 1993) (court

upholds downward departure – **210 months to 33 months from career offender guidelines** – in both offense level and criminal category – where defendant a comparatively minor offender – 6 minor drug and theft priors – but remands for court to state reason for extent of departure); U.S. v. Brown, 985 F.2d 478, 482 (9th Cir. 1993) (*age at time of prior convictions* and nature of those convictions – DUIs – are proper factors to consider in determining whether career offender status significantly over-represents seriousness of defendant's criminal history); U.S. v. Lawrence, 916 F.2d 553, 554 (9th Cir. 1990) (even though defendant is career offender because of two drug convictions, low risk of recidivism justifies downward departure); U.S. v. Mishoe, 241 F.3d 214 (2d Cir. 2001) (although reversing district court's grant of downward departure because they should not automatically be given to street level dealers; horizontal departure in criminal category may be warranted where prior sentences were lenient); U.S. v. Gregor, 339 F. 3d 666 (8th Cir. 2003) (in departing downward because career offender designation over represents criminal history because burglary did not involve breaking and entering, district court may shift left on the criminal history category **and** move downward on the offense level); U.S. v. Collins, 122 F.3d 1297 (10th Cir. 1997) (departure from career offender 151-188 to 42 months o.k.; U.S. v. Gayles, 1 F.3d 735, 739 (8th Cir. 1993) (case remanded to permit judge to consider downward departure, noting that in making determination, judge must "consider the historical facts of the defendant's criminal career"); U.S. v. Shoupe, 988 F.2d 440, 447 (3d Cir. 1993) (court may consider defendant's age and immaturity when priors committed in determining that criminal history (career offender) over represents history); U.S. v. Bowser, 941 F.2d 1019, 1024 (10th Cir. 1991) (age and close proximity in time between prior criminal acts provided proper bases to depart downward from career offender category); U.S. v. Senior, 935 F.2d 149, 151 (8th Cir. 1991) (defendant only **20 years old** when he committed his first predicate offense, **a series of**

**robberies**, and D received short sentence for second predicate offense drug charges, obvious state did not consider D's crimes serious; so downward departure proper)**United States v. Huerta-Rodriguez**, ___ F. Supp. 2d ____, 2005 WL 318640, 2005 U.S. Dist. LEXIS 1398 (D. Neb. Feb. 1, 2005) (Bataillon, J.) (post Booker, where guideline range was 70- 87 months court imposed 36 months in part because court would have granted downward departure for over-representation of criminal history in that prior occurred nearly ten years ago); U.S. v. Hammond, 240 F. Supp.2d 872 (E.D. Wisc. 2003) (in granting departure from category III to II, because criminal history is overstated, court may consider (1) the age of the priors, (2) the defendant's age at time of the priors, (3) whether drug and alcohol use were involved in the priors, ((4) the circumstances of the prior offenses ; (5) the length of the prior sentences; (6) the circumstances of the defendant's life at the time of the priors, and (7) the proximity of the priors. Here, the priors were relatively minor and remote in time from the instant offense (eighteen and twenty years old) and unrelated to it, and D was young at the time of the priors and was intoxicated at the time.); U.S. v. Moore, 209 F.Supp. 2d 180 (D.D.C. 2002) (departure from range of 188 to 235 to range of 100-125 where career offender status over- represented defendant's criminal history, priors were attempts and involved small quantity of drugs, four years in between commission of previous offenses and instant offense, and relative length and nature of his previous sentences in comparison with sentence prescribed by the guidelines); U.S. v. Wilkerson, 183 F.Supp.2d 373 (D. Mass. 2002) (where D convicted of distribution of crack, his criminal history score of VI over-represented his criminal culpability for purposes of sentencing, and thus defendant was entitled to a downward departure to IV and (170 to 120 months) where he had no convictions for crimes of violence, and he had received sentences for prior convictions that just barely triggered scoring under the guidelines); U.S. v. Chambers, 2001 WL 96365, *3 (S.D.N.Y. Feb. 2, 2001) (unpublished) (where

defendant pled to conspiring to deliver heroin, the four criminal history points calculated in the presentence report overstated the seriousness of D's criminal record. The attempted criminal sale of a controlled substance in the third degree was his first offense, and took place when D was only seventeen years old – so court departs from category III to II); U.S. v. Lacy, 99 F.Supp.2d 108, 119 (D.Mass. 2000) (departing where D's record "largely non-violent, and relatively minor, the kind that characterizes and out-of-control addict); U.S. v. DeJesus, 75 F.Supp. 2d 141, 144 (S.D.N.Y. 1999) (criminal category V over represented D's criminal history where several priors were probation terms and, of three jail sentences, only one longer that 60 days, and two of eight convictions were for loitering and trespassing and did not count for guideline purposes, and remaining six convictions resulted in no more than 2 years jail, and most conduct committed before D was 21 – and now that D married and father more responsible – "a lengthy sentence required by higher criminal history category will lessen not increase the likelihood of rehabilitation."); **U.S v. Hammond, 37 F.Supp.2d 204 (EDNY 1999) (departing from category VI to III where D "had no history violent behavior and his prior arrests resulted from minor drug crimes** ...**and the kind of petty criminality associated with a poor addict's attempt to acquire money for the purchase of drugs.")**; U.S. v. Leviner, 31 F.Supp.2d 23 (D. Mass. 1998) (category V, based on traffic violations that accounted for 7 criminal history points, over- represented relatively minor and non-violent nature of defendants record and replicated disparities in state sentencing scheme, particularly racial disparities); U.S. v. Miranda, 979 F.Supp. 1040, 1044 (D.N.J. 1997) (discounting traffic convictions "distinct in seriousness and kind from the instant offense"); U.S. v. Taylor, 843 F. Supp. 38 (W.D.Pa. 1993) (downward departure from career offender level 34 to level 20 justified where prior state burglary convictions were more than ten years old and occurred when D a teenager, the crimes did not

involve any physical violence or use of a weapon, and burglary spree occurred over a relatively short period); U.S. v. Hinds, 803 F. Supp. 675 (W.D. N.Y. 1992) (in illegal reentry case departure from 51 months to 33 months proper where prior marijuana convictions over represented criminal history and where Commission increased guideline for reentry with aggravatedfelony),aff'd,992F.2d321(2dCir.1993).

In short,  Stanley Martinez presents as a long term drug addict involved in the drug trade as a street level "pitcher" and "steerer" whose earnings were used to support his habit. An examination of Stanley's record which has led to the technically correct assessment of him as a Criminal History Category V,  also evidences that all that conduct was engaged in over a brief period of time and was of the type engaged in by addicted individuals seeking to support their habit. Indeed, Stanley  has been in and out of drug treatment programs . He is an addict whose illness of drug addiction has been compounded (if not begun)by his early childhood issues.

We ask the Court to keep in mind that the instant offense considered on its own would, carry only a base offense level suggested range of 37 to 46 months.  However, because of his prior drug offenses (all involving small amounts)committed within a short time of each other while he was young , he now faces a vastly increased suggested range..     Mindful of all this we respectfully ask the Court to consider  a downward departure in accordance with the authority to depart and provide "sensible flexibility" as contemplated by the Sentencing Guidelines and the body of case law that has flowed from it.

### RECOMMENDATION FOR DRUG TREATMENT PROGRAM

The drug addiction for which the defendant  has  received  treatment  in the past requires a continuum if he is to remain drug free. The Bureau of Prisons provides drug treatment for inmates in  need.  As  discussed  earlier,  Stanley  Martinez  is  in  need  of  such  treatment  and  a

recommendation by the Court that he be afforded a drug program while in prison would serve the ends of justice. Accordingly, the defense requests that the Court order such a recommendation be a part of whatever sentence is imposed

**WHEREFORE,** it is respectfully requested that, upon full and due consideration, this Court exercise its discretion and impose a lesser sentence than suggested and recommend that the defendant be afforded the benefit of the Bureau of Prisons Drug Treatment program.

Respectfully submitted,

_____

Benjamin Heinrich
*Attorney for Defendant*
Stanley Martinez

TO:    A.U.S.A. Rebecca A. Rohr
       Southern District of New York